UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

    Plaintiffs,

v

DDI, INC., a Michigan corporation,
and STEVEN DARR, an individual

    Defendants.

Case No.
Hon.

_____/

WALTER B. FISHER JR. (P51337)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI  48067
(248) 837-1397
_____/

## COMPLAINT

Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

1.    The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of the Detroit Carpenters Health and Welfare Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the Carpenters Pension Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, the Michigan Regional

Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

2.     Defendant DDI, Inc., is a Michigan corporation doing business in this district and division.

3.     Steven Darr is an individual doing business in this district and division.

4.     Steven Darr was an owner, officer, and/or individual otherwise involved with a Michigan corporation known as DDI, Inc., a business which engaged in the commercial construction industry.  In such capacity, and upon information and belief, Steven Darr was involved in, and took part in, the day-to-day affairs and operations of, and maintained control of DDI, Inc.

5.     Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation

of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

### Count I    ERISA Claim

6. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

7. DDI, Inc., either directly or through its authorized agents, has entered into one or more collective bargaining agreements with the Union. A copy of the 2012-2022 Carpenters Independent Contracting Agreement is attached as Exhibit A.

8. Pursuant to the collective bargaining agreements DDI, Inc. became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of DDI, Inc. who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

9. Plaintiffs became aware that DDI, Inc. was not making required fringe benefit contributions in violation of ERISA and its collective bargaining agreement with the Union on August 1, 2019.

10. Pursuant to the collective bargaining agreements alleged above, Defendant submitted for audit its books and records to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency for the period September 1, 2013 through December 31, 2016.

11. Plaintiffs determined a deficiency for fringe benefits, in the amount of $201,775.30 for the period September 1, 2013 through December 31, 2016, for outstanding benefits.

12. Plaintiffs determined outstanding liquidated damages and interest owing as of August 1, 2019 totaling $176,944.82, for the period September 1, 2013 through December 31, 2016.  See attached Exhibit B.

13. There is now due and owing to Plaintiffs from Defendant the sum of $378,720.12.

14. Despite demands by Plaintiffs, Defendant has failed, neglected and refused to pay that amount or any portion thereof.

**WHEREFORE**, Plaintiffs pray:

A. That this Court enter judgment against City Renovation and Trim, Inc. for $378,720.12, plus actual costs, double interest and actual attorney fees.

B. That this Court grant Plaintiffs any other relief that it deems appropriate.

## Count II

### Violation of Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 *et. Sec.*

15. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

16. Individuals providing labor and employed by, or on behalf of, DDI, Inc., pursuant to the subject collective bargaining agreement earned outstanding fringe benefit contributions in connection with and in furtherance of their employment.

17. These accrued fringe benefit contributions were properly payable to the employee benefit plans administered by Plaintiffs when due.

18. The accrued fringe benefit contributions and funds otherwise in the Defendants' possession, custody and/or control which were otherwise available to pay the accrued fringe benefit contributions were to be held in trust by the defendants in their capacity as a fiduciary, as required by ERISA pursuant to 29 U.S.C. § 1145, until the defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their collective bargaining agreement and related trust agreements. Such accrued fringe benefit contributions became assets of the respective employee benefit plans administered by Plaintiffs upon accrual.

19. The Defendants failed to turn over these plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due. Rather, upon information and belief, the Defendants utilized the accrued outstanding fringe benefit contributions and funds otherwise within their possession, custody, and/or control for purposes other than payment to Plaintiffs.

20. In failing to turn over such plan assets to Plaintiffs, the Defendants violated 29 U.S.C. § 1145, 1104, and 1109 (a) and their obligations under the collective bargaining agreement and related Trust Agreements incorporated therein.

21. The Defendants' failure to turn over plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds otherwise properly payable to Plaintiffs constitute a breach of their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. § 1104(a)(1)(A) and are violations of 29 U.S.C. § 1145, 1104 and 1109 (a).

22. Individual Steven Darr is personally liable to the Funds for breaching his fiduciary duties pursuant to 29 U.S.C. § 1104(a).

**WHEREFORE**, Plaintiffs pray:

A. That this Court enter judgment against Defendant Steven Darr for all unpaid fringe benefit contributions owed by DDI, Inc., pursuant to the Funds audit of DDI, Inc., for

the period September 1, 2013 through December 31, 2016 in the amount of $378,720.12 plus actual costs, interest and actual attorney fees.

    B.    That this Court grant Plaintiffs any other relief that it deems appropriate.

Dated:  August 26, 2019                  **FILDEW HINKS, PLLC**

                                      By:    /s/Walter B. Fisher Jr.
                                                Attorneys for Plaintiffs
                                                26622 Woodward Avenue
                                                Suite 225
                                                Royal Oak, MI 48067
                                                (248) 837-1397
                                                wfisher@fildewhinks.com
                                                P51337